UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD VENABLE, | : |
| Petitioner, | : Civ. No. 11-5250 (KM) |
| v. | : |
| CHARLES WARREN, et al., | : **MEMORANDUM AND ORDER** |
| Respondents. | : |

Petitioner, Reginald Venable, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was previously assigned to District Judge Dennis M. Cavanaugh prior to his retirement from the bench. On August 1, 2012, Judge Cavanaugh stayed this habeas petition so that Mr. Venable could exhaust his claims in state court. The original federal habeas petition raised several claims, specifically: (1) ineffective assistance of counsel when trial counsel failed to advise him that he faced an extended period of incarceration if he was convicted leading to petitioner rejected a favorable plea offer; (2) violation of his right to confrontation; (3) violation of his right to due process and a fair trial when co-defendant testified in prison garb and in shackles; (4) failure of the trial court to give a proper jury instruction limiting the use of the co-defendant's guilty plea; and (5) trial court error in charging the jury on accomplice liability. The August 1, 2012 Order instructed Mr. Venable to return to this Court upon the exhaustion of his state law claims.

On November 23, 2015, this Court received a letter from Mr. Venable indicating that his claims are now exhausted as he has attached the denial of certification from the New Jersey Supreme Court. Additionally, Mr. Venable has filed a motion to amend his habeas petition. The

proposed amended habeas petition raises the same claims that Mr. Venable raised in his original petition; in addition, it includes a claim that his counsel was ineffective for failing to include a claim in his original post-conviction relief ("PCR") petition; finally, it includes a claim that trial counsel failed to effectively cross-examine R. Dixon and allowed an improper jury question regarding a co-defendant's statement.

As Mr. Venable has returned to this Court after the New Jersey Supreme Court denied certification, the Clerk will be ordered to lift the stay in this case and reopen this case. Mr. Venable's motion to amend will be granted and the respondent will be ordered to file an answer to the amended habeas petition. The sole proper respondent in this case is Steven Johnson, who is the warden of the New Jersey State Prison. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, the Clerk will be ordered to insert Steven Johnson as a respondent in this action, and it will be dismissed with prejudice as to respondents Charles Warren and Paula T. Dow.

This Court has screened the amended habeas petition for dismissal and determined that dismissal of the amended petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing 28 U.S.C. § 2254 Cases. Nevertheless, to the extent that Mr. Venable's amended habeas petition includes a separate stand-alone claim that PCR counsel was ineffective, this Court will deny that claim at this screening stage. The claim is not cognizable under § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Poole v. New Jersey*, No. 09-1923, 2010 WL 2952118, at *11 (D.N.J. July 21, 2010) ("Petitioner's claim regarding ineffective assistance of counsel by PCR counsel is not cognizable in a habeas claim.") (citation omitted). Pursuant to 28 U.S.C. §

2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Applying this standard, the Court shall not issue a certificate of appealability on the denial of Mr. Venable's ineffective assistance of PCR counsel claim.

Accordingly, IT IS this 19th day of January, 2016,

ORDERED that the Clerk shall lift the stay and reopen this case; and it is further

ORDERED that the Clerk shall insert Steven Johnson as a respondent in this case and shall dismiss with prejudice respondents Charles Warren and Paula T. Dow; and it is further

ORDERED that petitioner's motion to amend his habeas petition (Dkt. No. 7) is granted; and it is further

ORDERED that petitioner's claim in his amended habeas petition that PCR counsel was ineffective is denied and a certificate of appealability shall not issue on that claim; and it is further

ORDERED that the Clerk shall serve a copy of the amended habeas petition (Dkt. No. 7-1) and this Order on respondent Johnson and on the Attorney General for the State of New Jersey by regular U.S. mail, with all costs of service advanced by the United States, and it is further

ORDERED that respondent shall file a full and complete answer to the amended habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that respondent's answer shall address the allegations and grounds of the amended habeas petition, and shall adhere to the requirements of Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed; and it is further

ORDERED that respondent shall attach to the answer parts of the transcript that the respondent considers relevant and, if a transcript cannot be obtained, respondent may submit a narrative summary of the evidence, *see* Rule 5(c) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that respondent shall file with the answer a copy of: (1) any brief that petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders relating to the conviction or the sentence, *see* Rule 5(d) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that respondent shall file the answer, the index of exhibits, and the exhibits electronically; and it is further

ORDERED that respondent shall serve the answer, the index of exhibits, and the exhibits upon petitioner, *see* Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; FED. R. CIV. P. 10(c); *Sixta v. Thaler*, 615 F.3d 569, 569 (5th Cir. 2010); *Thompson v. Greene*, 427 F.3d 263, 269 (4th Cir. 2005); *Pindale v. Nunn*, 248 F. Supp. 2d 361, 367 (D.N.J. 2003); and it is further

ORDERED that petitioner may file and serve a reply to the answer within forty-five (45) days of petitioner's receipt of same, *see* Rule 5(e) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that within seven (7) days of petitioner's release, be it on parole or otherwise, respondent shall electronically file a written notice of same with the Clerk; and it is finally

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

_____
KEVIN MCNULTY
United States District Judge